IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.F, a minor, by and through his parents M.A.F and J.F. and M.A.F. and J.F. individually; L.H., and J.H., minors, by and through their parents J.A. and J.R.H. and J.A. and J.R.H. individually; A.N., a minor, by and through his parents, G.N. and M.R., and G.N. and M.R. individually,<br><br>       Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>  v.<br><br>RIPON UNIFIED SCHOOL DISTRICT (RUSD); RIPON UNIFIED SCHOOL DISTRICT BOARD OF TRUSTEES; SAN JOAQUIN COUNTY OFFICE OF EDUCATION; VALLEY MOUNTAIN REGIONAL CENTER (VMRC), MODESTO CITY SCHOOLS, MODESTO CITY SCHOOLS BOARD OF EDUCATION, RICHARD JACOBS, Executive Director of VMRC, in his official and individual capacity, TARA SISEMORE-HESTER, Coordinator for Autism Services for VMRC, in her official and individual capacity; VIRGINIA JOHNSON, Director of Modesto City Schools SELPA, in her official and individual capacity; SUE SWARTZLANDER, Program Director for Modesto City Schools, in her official and individual capacity and Does 1 – 200.,<br><br>       Defendants.<br>_____ | 2:10-cv-00523-GEB-JFM<br><br>ORDER DENYING MODESTO CITY SCHOOLS' MOTION TO DISMISS THE J.H. PLAINTIFFS' CLAIMS ALLEGED UNDER SECTION 504 AND TITLE II OF THE ADA; DENYING THE RIPON DEFENDANTS' MOTION TO DISMISS THE Z.F. AND A.N. PLAINTIFFS' CLAIMS ALLEGED UNDER SECTION 504 AND TITLE II OF THE ADA; GRANTING VMRC'S MOTION TO DISMISS PLAINTIFFS' CLAIM ALLEGED UNDER TITLE III OF THE ADA, AND DENYING VMRC'S MOTION TO DISMISS PLAINTIFFS' CLAIM ALLEGED UNDER THE UNRUH ACT; AND GRANTING JOHNSON, SWARTZLANDER, VMRC, SISEMORE-HESTER, AND JACOBS' MOTION TO DISMISS THE J.H. PLAINTIFFS' § 1983 CLAIM |

1

```
VALLEY MOUNTAIN REGIONAL     )
CENTER, RICHARD JACOBS and TARA )
SISEMORE-HESTER              )
                             )
      Counterclaimants,      )
                             )
  v.                         )
                             )
M.A.F. and J.A., SPECIAL NEEDS )
ADVOCATES FOR UNDERSTANDING, )
and AUTISM REFORM CALIFORNIA,)
                             )
      Counterdefendants.     )
                             )
_____)
```

Pending are three separate dismissal motions seeking dismissal of all claims against each movant in Plaintiffs' First Amended Complaint. Each motion is brought under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendants are local school districts, local boards of education, a county office of education, a regional center, and four individuals. Plaintiffs are four minors diagnosed with an Autism Spectrum Disorder, and their parents. (Pls.' First Am. Compl. ("FAC") ¶¶ 20-23.)

Plaintiffs allege: "Defendants have implemented a system under [the Early Intensive Behavioral Treatment Program Procedures and Guidelines ('EIBT/PPG')], which has unlawfully restricted access to intensive [Applied Behavior Analysis ('ABA')] services for Plaintiffs, as well as those similarly situated, in contravention of federal and state law." (FAC ¶ 34.)

### I. Legal Standard

To avoid dismissal under Rule 12(b)(6), a plaintiff must have alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

In analyzing whether a claim has facial plausibility, "[w]e accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, --- F.3d ----, 2010 WL 5141247, at *3 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).

## II. Background

**A.   J.H. Plaintiffs**

Plaintiffs J.H. and L.H., and their parents, Plaintiffs J.A. and J.R.H (collectively referred to as the "J.H. Plaintiffs"), "moved from the Santa Cruz area to Modesto" in or about August of 2007. (FAC ¶ 51.) Upon moving to Modesto, parent J.A. "was interested in obtaining an

EIBT placement for J.H. and L.H." Id. J.H. and L.H. were placed on a waiting list for "services" in an educational program under the EIBT/PPG "based upon the date they moved to Modesto." Id. ¶ 103.

Parents J.A. and J.R.H. subsequently filed requests for an administrative due process hearing before the California Office of Administrative Hearings ("OAH") on March 18, 2008. Id. ¶ 68. The requests were filed against Defendant Modesto City Schools and alleged that the EIBT/PPG "denied them a [Free Appropriate Public Education ('FAPE')]." Id. ¶¶ 67, 68. In August of 2008, "the OAH issued decisions finding that [Modesto City Schools] had denied [J.H. and L.H.] a [FAPE]. Modesto City Schools did not appeal these decisions." Id. ¶ 68.

**B.   Z.F. Plaintiffs**

Plaintiff Z.F. and his parents, Plaintiffs M.A.F. and J.F. (collectively referred to as the "Z.F. Plaintiffs"), reside in Ripon, California. Id. ¶ 20. On November 9, 2007, parents M.A.F. and J.F. filed a request for an administrative due process hearing before the OAH, against Defendant Ripon Unified School District ("RUSD"), Defendant San Joaquin County Office of Education ("SJCOE"), and San Joaquin Special Education Local Plan Area. Id. ¶¶ 49-50. The request alleged that the EIBT/PPG denied Z.F. a FAPE. Id. "On June 6, 2008, the parties entered into a settlement agreement that resolved all pending educational issues." Id. ¶ 50. The agreement states in part:

> Student and his Parents are named plaintiffs in a pending class action in federal court and acknowledge that this settlement does not settle the claims asserted in the federal action, to the extent that the federal claims rely on a different cause of action and seek relief that is not available at OAH or under the [Individuals with Disabilities Education Act ('IDEA'), or is not compensable at OAH or under the IDEA.

Id.

4

**C.   A.N. Plaintiffs**

Plaintiff A.N. and his parents, Plaintiffs M.R. and G.N. (collectively referred to as the "A.N. Plaintiffs"), reside in Ripon, California. Id. ¶ 23. On March 24, 2009, parents M.R. and G.N. filed a request for an administrative due process hearing before the OAH, against RUSD and SJCOE. The request alleged that A.N. was not provided "with an appropriate educational program" through implementation of the EIBT/PPG. Id. ¶¶ 72-74. On April 30, 2009, the parties entered into a settlement agreement containing the same above-quoted provision in the Z.F. Plaintiffs' settlement agreement. Id. ¶¶ 74-75.

**D.   Federal Court Lawsuits**

Prior to filing the instant federal court lawsuit, Plaintiffs (and three other students and their parents) filed a complaint in this federal district court on April 18, 2008 ("2008 lawsuit"). Id. ¶ 6. The 2008 lawsuit "alleg[ed] essentially the same issues raised" in the instant federal court lawsuit. Id. The federal claims in the 2008 lawsuit were dismissed for lack of subject matter jurisdiction because Plaintiffs had not exhausted administrative remedies under IDEA, and the district court declined to continue exercising supplemental jurisdiction over the remaining state claims. Z.F. v. Ripon Unified Sch. Dist., et al., ECF No. 75, 2:08-cv-00855, at 12-13 (E.D. Cal. Nov. 7, 2008). Plaintiffs appealed the dismissal to the Ninth Circuit, and on February 10, 2010, the Ninth Circuit affirmed the dismissal. (FAC ¶ 6.) Plaintiffs commenced the instant federal court lawsuit on March 3, 2010.

**III. Discussion**

**A.   Modesto City Schools' Motion to Dismiss**

Defendants Modesto City Schools and Modesto City Schools Board of Education (collectively referred to as "Modesto City Schools") seek dismissal of the J.H. Plaintiffs' claims alleged under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and Title II of the Americans with Disabilities Act ("ADA"). Modesto City Schools argues these claims are barred by both the applicable statute of limitations and a claim preclusion doctrine.

**1. Statute of Limitations**

Since Section 504 and the ADA do not contain a statute of limitations, "the controlling statute of limitations is the most appropriate one provided by state law." J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 570 F. Supp. 2d 1212, 1222 (E.D. Cal. 2008) (citing Donoghue v. Cnty. of Orange, 848 F.2d 926, 930 (9th Cir. 1987)). Further, "the court borrows the state's equitable tolling rules, absent a reason not to do so." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1135 (9th Cir. 2001). Although state law is used to determine the statute of limitations period and equitable tolling, "federal law determines when a cause of action accrues." Alexopulos By and Through Alexopulos v. San Francisco Unified Sch. Dist., 817 F.2d 551, 555 (9th Cir. 1987). "Under federal law a cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action." Id.

The parties agree that California's two-year statute of limitations for personal injury claims is applicable to the J.H. Plaintiffs' Section 504 and ADA claims. See Cal. Civ. Proc. Code § 335.1 ("Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."). Modesto City Schools argues that the J.H. Plaintiffs'

6

Section 504 and ADA claims accrued no later than November 9, 2007, when the J.H, Plaintiffs allege that parents J.A. and J.R.H "filed a [j]oint [request for an administrative due process hearing] along with several other parents and students [before the OAH]," which the "OAH refused to open." (FAC ¶ 67.) Modesto City Schools argues the accrual date is more than two years before the instant federal court lawsuit was commenced, and, therefore, the claims are time barred.

The J.H. Plaintiffs counter these claims are not time barred because they were equitably tolled during the pendency of proceedings commenced in the OAH on March 18, 2008, and during the pendency of the 2008 lawsuit. Equitable tolling is a "judicially created, nonstatutory doctrine" that is "'designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations--timely notice to the defendant of the plaintiff's claims-- has been satisfied.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 99 (2008) (quoting Appalachian Ins. Co. v. McDonnell Douglas Corp., 214 Cal. App. 3d 1, 38 (1989). Equitable tolling "may apply . . . where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." Id. at 100.

Since the OAH proceedings were commenced within two years of the date on which the J.H. Plaintiffs' Section 504 and ADA claims accrued, and involved claims factually similar to the Section 504 and ADA claims, the Section 504 and ADA claims were tolled beginning on March 18, 2008, when the OAH proceedings were commenced. While the OAH proceedings were pending, the J.H. Plaintiffs filed the 2008 lawsuit. (FAC ¶ 6.) The district court dismissed the claims in the 2008 lawsuit for lack of subject matter jurisdiction since Plaintiffs failed to

7

exhaust their administrative remedies under the IDEA; the Ninth Circuit affirmed this dismissal on February 10, 2010. Id.  Therefore, the last day of the tolling period was February 10, 2010. Since the J.H. Plaintiffs' Section 504 and ADA claims were tolled from March 18, 2008, through February 10, 2010, these claims are not time barred.

**2. Claim Preclusion**

Modesto City Schools also argues that the J.H. Plaintiffs' Section 504 and ADA claims are barred by a claim preclusion doctrine since the OAH already issued decisions on parents J.A. and J.R.H.'s requests for an administrative due process hearing. "Claim preclusion bars from a second action a claim *that could have been*, but was not, brought in the first action." Gospel Missions of Am. v. City of Los Angeles, 328 F.3d 548, 555 (9th Cir. 2003) (emphasis added). However, "a litigant should not be penalized for failing to seek unified disposition of matters that could not have been combined in a single proceeding." CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4412 (2d ed. 2002) Here, J.A. and J.R.H. could not present Section 504 and ADA claims to the OAH since the OAH lacks jurisdiction to hear those claims. See CAL EDUC. CODE § 56501(a)(1)-(4) (stating the OAH's jurisdiction is limited to considering a proposal or refusal to "initiate or change the identification, assessment, or educational placement of the child or the provision of a [FAPE] to the child;" and to considering the refusal of a parent or guardian to consent to an assessment of a child, or "a disagreement between a parent or guardian and a local educational agency regarding the availability of a program appropriate for the child"). Since the Section 504 and ADA claims could not be presented to the OAH, the J.H. Plaintiffs are not precluded from bringing those claims in the

instant federal court lawsuit. Therefore, this portion of the motion is denied.

**B.   Ripon Defendants' Motion to Dismiss**

Defendants RUSD, RUSD Board of Trustees, and SJCOE (collectively referred to as the "Ripon Defendants") seek dismissal of the Z.F. and A.N. Plaintiffs claims alleged against them under Section 504 and Title II of the ADA. The Ripon Defendants argue these claims are barred by settlement agreements, the applicable statute of limitations, and "contradictory information contained in the attachments" to the First Amended Complaint. (Ripon Defs.' Mem. of P. & A. in Supp. of Mot. to Dismiss 4:12-14.)

**1. Settlement Agreement**

After commencing their respective OAH proceedings, the Z.F. and A.N. Plaintiffs allege they each entered into a separate settlement agreement with RUSD and SJCOE, which contain the following provision:

> Student and his Parents are named plaintiffs in a pending class action in federal court and acknowledge that this settlement does not settle the claims asserted in the federal action, to the extent that the federal claims rely on a different cause of action and seek relief that is not available at OAH or under the IDEA, or is not compensable at OAH or under the IDEA.

(FAC ¶¶ 50, 75.)

The Ripon Defendants argue this provision bars the Z.F. and A.N. Plaintiffs' Section 504 and ADA claims in the instant federal court lawsuit, because the relief sought is "available" or "compensable at OAH or under the IDEA." However, since the Ripon Defendants have not shown what these terms mean in the settlement agreement, this portion of the motion is denied.

### 2. Statute of Limitations

The Ripon Defendants next argue that the Z.F. and A.N. Plaintiffs' Section 504 and ADA claims against them are barred by the applicable two-year statute of limitations. The Ripon Defendants argue that the Z.F. Plaintiffs' claims accrued in May of 2006, when the Z.F. Plaintiffs allege Z.F. was "denied the benefit of [an intensive ABA program]." (FAC ¶ 48.) The Ripon Defendants argue the A.N. Plaintiffs' claims in the instant federal court lawsuit accrued on September 27, 2007, when "A.N. was denied access to an intensive ABA program." Id. ¶ 72. The Ripon Defendants also argue the Z.F. and A.N. Plaintiffs' claims are time barred since they accrued more than two years before the instant federal court lawsuit was commenced.

However, the Z.F. Plaintiffs' Section 504 and ADA claims were equitably tolled beginning on January 30, 2008, when parents M.A.F. and J.F. commenced a due process hearing at the OAH. Id. ¶ 50. This OAH proceeding was commenced approximately twenty months after their Section 504 and ADA claims accrued. The last day of the equitable tolling period was February 10, 2010, the date on which the Ninth Circuit affirmed dismissal of the 2008 lawsuit. Since the instant federal court lawsuit was commenced less than one month after the Ninth Circuit affirmed dismissal of the 2008 lawsuit, the Z.F. Plaintiffs' Section 504 and ADA claims in the instant federal court lawsuit are not barred by the two-year statute of limitations.

Further, the A.N. Plaintiffs' Section 504 and ADA claims were equitably tolled beginning on April 18, 2008, when the 2008 lawsuit was filed. Id. ¶ 6. This was approximately seven months after the claims accrued. The last day of the tolling period was February 10, 2010, when the Ninth Circuit issued its decision. Since the instant federal court

lawsuit was brought less than one month after the Ninth Circuit's decision, the A.N. Plaintiffs' Section 504 and ADA claims are not barred by the two-year statute of limitations.

### 3. Contradictory Exhibits

The Ripon Defendants also argue that the Z.F. and A.N. Plaintiffs' claims against them should be dismissed because the copy of the EIBT/PPG attached as an exhibit to the First Amended Complaint contradicts the claims alleged against them in the First Amended Complaint. This portion of the motion is denied since the Ripon Defendants have not sufficiently explained a contradiction justifying dismissal.

## C. VMRC's Motion to Dismiss

Defendant Valley Mountain Regional Center ("VMRC") seeks dismissal of Plaintiffs' claims alleged under Title III of the ADA and California's Unruh Civil Rights Act prescribed in California Civil Code 51 ("Unruh Act").

### 1. Title III of the ADA

VMRC argues Plaintiffs fail to state a claim for relief under Title III of the ADA. Plaintiffs allege that VMRC violated Title III by denying Plaintiffs "access to intensive ABA services" through implementation of the EIBT/PPG. (FAC ¶ 95.) Title III prescribes: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Public accommodations "are actual, physical places where goods or services are open to the public, and places where the public gets those goods or

services." Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000).

Plaintiffs' allegations fail to satisfy Twombly's plausibility standard, since they do not plausibly suggest that an intensive ABA service is an "actual, physical place[]." Weyer, 198 F.3d at 1114. Therefore, Plaintiffs' Title III claim is dismissed.

### 2. Unruh Act

VMRC also argues that Plaintiffs fail to state a claim under the Unruh Act since Plaintiffs have not sufficiently alleged that VMRC is a "business establishment" under the Unruh Act. Plaintiffs allege in the First Amended Complaint that VMRC is a "private non-profit agency" that "is to provide services and supports to persons with developmental disabilities, including Autism." (FAC ¶ 26.) VMRC contends this allegation does not sufficiently allege that VMRC is a "business establishment" as required by the Unruh Act. The Unruh Act prescribes:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

CAL. CIV. CODE § 51(b). However, "[a]n organization is not excluded from the scope of [the Unruh Act] simply because it is nonprofit." Doe v. California Lutheran High Schl. Ass'n, 170 Cal. App. 4th 828, 836 (2009). Therefore, this portion of the motion is denied.

### D. Johnson, Swartzlander, VMRC, Sisemore-Hester, and Jacobs' Motion to Dismiss the J.H. Plaintiffs' claim under 42 U.S.C. § 1983

Johnson, Swartzlander, VMRC, Sisemore-Hester, and Jacobs seek dismissal of the J.H. Plaintiffs' claim alleged under 42 U.S.C. § 1983 ("§ 1983"), in which Plaintiffs allege a violation of the right of

intrastate travel under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. These Defendants argue that the right of intrastate travel is not a right secured by the Constitution.

The J.H. Plaintiffs allege in this claim:

> The Supreme Court has been clear that it is 'constitutionally impermissible' for a State to enact durational residency requirements for the purpose of inhibiting the migration of needy persons into the State. . . . Defendant VMRC, a private entity, through its employee Tara-Sisemore-Hester, implemented the EIBT/PPG with Modesto City Schools, through its employees Virginia Johnson and Sue Swartzlander. The individuals and entities implemented the EIBT/PPG to deny JH. and L.H. access to an intensive ABA program by placing them on a waiting list for these services based upon the date they moved to Modesto. Richard Jacobs, Executive Director of VMRC, was aware of the implementation of the EIBT/PPG by Ms. Sisemore-Hester and failed to take any action to end this practice. As VMRC and Ms. Sisemore-Hester implemented the EIBT/PPG with Modesto City Schools and its employees, they are liable as joint actors.

Id. ¶¶ 102-103 (citations omitted). The question of whether the right of intrastate travel is guaranteed by the Constitution need not be reached, since even assuming arguendo that the right exists, the J.H. Plaintiffs have failed to allege facts plausibly showing a violation of this right. Therefore, this claim is dismissed.

**IV. Conclusion**

For the reasons stated herein, Defendants' dismissal motions are granted and denied as follows:

1. Modesto City Schools' motion to dismiss the J.H. Plaintiffs' claims under Section 504 and Title II of the ADA is denied.

2. The Ripon Defendants' motion to dismiss the Z.F. and A.N. Plaintiffs' claims under Section 504 and Title II of the ADA is denied.

1    3.  VMRC's motion to dismiss Plaintiffs' claim under Title III of the ADA is granted, and its motion to dismiss Plaintiffs' claim under the Unruh Act is denied.

4.  Johnson, Swartzlander, VMRC, Sisemore-Hester, and Jacobs' motion to dismiss the J.H. Plaintiffs' claim under § 1983 is granted.

Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in any dismissed claim. Further, Plaintiffs are notified that any dismissed claim may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiffs do not amend the claim within the prescribed time period.

Dated:   January 27, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge