IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.F, a minor, by and through his parents M.A.F and J.F. and M.A.F. and J.F. individually; L.H., and J.H., minors, by and through their parents J.A. and J.R.H. and J.A. and J.R.H. individually; A.N., a minor, by and through his parents, G.N. and M.R., and G.N. and M.R. individually,<br><br>    Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>  v.<br><br>RIPON UNIFIED SCHOOL DISTRICT (RUSD); RIPON UNIFIED SCHOOL DISTRICT BOARD OF TRUSTEES; SAN JOAQUIN COUNTY OFFICE OF EDUCATION; VALLEY MOUNTAIN REGIONAL CENTER (VMRC), MODESTO CITY SCHOOLS, MODESTO CITY SCHOOLS BOARD OF EDUCATION, RICHARD JACOBS, Executive Director of VMRC, in his official and individual capacity, TARA SISEMORE-HESTER, Coordinator for Autism Services for VMRC, in her official and individual capacity; VIRGINIA JOHNSON, Director of Modesto City Schools SELPA, in her official and individual capacity; SUE SWARTZLANDER, Program Director for Modesto City Schools, in her official and individual capacity and Does | 2:10-cv-00523-GEB-JFM<br><br>ORDER |

1

```
1 - 200.,                          )
                                   )
        Defendants.                )
                                   )
_____)
                                   )
VALLEY MOUNTAIN REGIONAL           )
CENTER, RICHARD JACOBS and TARA    )
SISEMORE-HESTER                    )
                                   )
        Counterclaimants,          )
                                   )
    v.                             )
                                   )
M.A.F. and J.A., SPECIAL NEEDS     )
ADVOCATES FOR UNDERSTANDING,       )
and AUTISM REFORM CALIFORNIA,      )
                                   )
        Counterdefendants.         )
                                   )
_____)
```

Pending are two separate dismissal motions, brought under Federal Rule of Civil Procedure ("Rule") 12(b)(6), seeking dismissal of certain claims in Plaintiffs' Second Amended Complaint. Specifically, Defendant Valley Mountain Regional Center ("VMRC") seeks an order dismissing Plaintiffs' claims alleged under Title III of the American with Disabilities Act ("ADA") and Plaintiffs' claims alleged California's Unruh Act; and VMRC and Defendants Richard Jacobs ("Jacobs") and Tara Sisemore-Hester ("Sisemore-Hester") seek an order dismissing Plaintiffs J.H., L.H., J.A., and J.R.H.'s ("J.H. Plaintiffs") claim alleged under 42 U.S.C. § 1983. Further, Defendants Virginia Johnson ("Johnson") and Sue Swartzlander ("Swartzlander") seek dismissal of the J.H. Plaintiffs' § 1983 claim.

Plaintiffs are four minors diagnosed with Autism Spectrum Disorder, and their parents. (Pls.' Second Am. Compl. ("SAC") ¶¶ 20-23.) Plaintiffs allege in the SAC that all Defendants named in this action "have implemented a system under [the Early Intensive Behavioral

2

Treatment Program Procedures and Guidelines ('EIBT/PPG')] which has unlawfully restricted access to intensive [Applied Behavior Analysis ('ABA')] services for Plaintiffs, as well as those similarly situated, in contravention of federal and state law." Id. ¶ 34.

## I. Legal Standard

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

In analyzing whether a claim has facial plausibility, a court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

**II. Discussion**

**A. Title III of the ADA**

VMRC argues that Plaintiffs fail to state a claim for relief under Title III of the ADA. Plaintiffs allege in their Title III claim: "[VMRC] has discriminated against Plaintiffs by using the EIBT/PPG . . . as a barrier that has denied them access to intensive ABA services." (SAC ¶ 95.) VMRC argues: "Plaintiffs failed to properly allege that VMRC is a 'place of public accommodation' under [Title III]." (VMRC's Mot. 1:24-25.) Plaintiffs rejoin: "the SAC alleges that Plaintiffs have been denied access to an education program, which is a public accommodation as defined by the ADA." (Pls.' Opp. to VMRC's Mot. 4:16-18.)

Title III prescribes: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Public accommodations "are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000).

Although Plaintiffs allege they have been denied access to intensive ABA services, Plaintiffs' allegations do not plausibly suggest that intensive ABA services are "actual physical places." Id. Therefore, Plaintiffs' Title III claim is dismissed.

**B. Unruh Act**

VMRC argues Plaintiffs' Unruh Act claim should be dismissed since Plaintiffs have not sufficiently alleged that VMRC is a "business

4

establishment" under the Unruh Act. Plaintiffs allege: "[VMRC] is a private non-profit agency . . . . [that] provide[s] services and supports to persons with developmental disabilities . . . . [and] employs more than 15 individuals[.]" (SAC ¶ 26.) VMRC contends it is not a business establishment since it "is a non-profit organization existing primarily for the purpose of serving the public good." (VMRC's Mot. 8:10-11.) Plaintiffs counter VMRC qualifies as a business establishment under the Unruh Act even though it is a non-profit organization.

The Unruh Act prescribes:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). "[T]he California Supreme Court has directed that the term 'business establishment' be interpreted 'in the broadest sense reasonably possible.'" Michelle M. v. Dunsmuir Joint Union Sch. Dist., No. 2:04-cv-2411-MCE-PAN, 2006 WL 2927485, at *7 (E.D. Cal. Oct. 12, 2006) (quoting Isbister v. Boys' Club of Santa Cruz, Inc., 40 Cal. 3d 72, 78 (1985)). Thus, "[a]n organization is not excluded from the scope of [the Unruh Act] simply because it is nonprofit." Doe v. Cal. Lutheran High Schl. Ass'n, 170 Cal. App. 4th 828, 836 (2009); see also O'Connor v. Village Green Owners Ass'n, 33 Cal. 3d 790, 796 (1983) ("[H]ospitals are often nonprofit organizations, and they are clearly business establishments to the extent that they employ a vast array of persons, care for an extensive physical plant and charge substantial fees to those who use the facilities.")

Here, Plaintiffs' allegation that VMRC is a "non-profit agency . . . . [that] provide[s] services and supports to persons with developmental disabilities . . . . [and] employs more than 15 individuals" plausibly suggests that VMRC is a business establishment under the Unruh Act. (SAC ¶ 26.) Therefore, VMRC's motion to dismiss Plaintiffs' Unruh Act claim is denied.

**C. § 1983 Claim for Violation of Right of Intrastate Travel**

Johnson, Swartzlander, VMRC, Sisemore-Hester, and Jacobs seek dismissal of the J.H. Plaintiffs' claim alleged under § 1983, in which Plaintiffs allege a violation of the right of intrastate travel under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. These Defendants argue the right of intrastate travel is not secured by the Constitution. These Defendants further argue that even if there is a constitutional right of intrastate travel, the J.H. Plaintiffs have failed to allege sufficient facts to show such a right was violated. The J.H. Plaintiffs counter that the Court should recognize a right of intrastate travel. The J.H. Plaintiffs further argue they have sufficiently alleged their right of intrastate travel was violated since they allege they were denied access to an ABA program "based on a traveling restriction in the form of a durational residency requirement." (Pls.' Opp. to VMRC's Mot. 14:1.)

The J.H. Plaintiffs allegations concerning their intrastate travel claim are the following:

> The Supreme Court has been clear that it is "constitutionally impermissible" for a State to enact durational residency requirements for the purpose of inhibiting the migration of needy persons into the State. . . . VMRC . . . through its employee Tara-Sisemore-Hester [sic], implemented the EIBT/PPG with Modesto City Schools, through its employees Virginia Johnson and Sue Swartzlander. [These Defendants] implemented the EIBT/PPG to deny J.H. and L.H. access to an

6

>intensive ABA program. Specifically, J.H. and L.H. were denied access to the ABA program due to their failure to satisfy a durational residency requirement based on the date in which they traveled to Modesto to establish residence. Therefore, access was denied based on a traveling restriction in the form of a durational residency requirement.

(SAC ¶¶ 102-03.)

The question of whether there is a federal constitutional right of intrastate travel need not be reached, since even assuming arguendo that such a right exists, the J.H. Plaintiffs fail to allege a plausible violation of that right. Therefore, the J.H. Plaintiffs' § 1983 claim alleging a violation of the right of intrastate travel is dismissed.

**D. Leave to Amend**

VMRC requests Plaintiffs' claim under Title III of the ADA be dismissed with prejudice. VMRC, Johnson, Swartzlander, Sisemore-Hester, and Jacobs also request the J.H. Plaintiffs' § 1983 claim for violation of the right of intrastate travel be dismissed with prejudice. "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety [of allowing amendment] . . . by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting William O. Gilley Enters. v. Atl. Richfield Co., 588 F.3d 659, 669 n.8 (9th Cir. 2009)). Plaintiffs were previously given leave to amend their Title III claim, and the J.H. Plaintiffs were previously given leave to amend their right of intrastate travel claim. Yet the alleged claims are still not viable and it is evident that further amendment to the Title III and right of intrastate travel claims "would

be futile [;therefore,] there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

### III. Conclusion

For the reasons stated herein, Plaintiffs' claim under Title III of the ADA is dismissed with prejudice, and the J.H. Plaintiffs' § 1983 claim alleging a violation of the right of instrastate travel is dismissed with prejudice.

VMRC's motion to dismiss Plaintiffs' Unruh Act claim is denied.

Dated: September 9, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge