IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.F, a minor, by and through his parents M.A.F and J.F. and M.A.F. and J.F. individually; L.H., and J.H., minors, by and through their parents J.A. and J.R.H. and J.A. and J.R.H. individually; A.N., a minor, by and through his parents, G.N. and M.R., and G.N. and M.R. individually,<br><br>　　　Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>　　v.<br><br>RIPON UNIFIED SCHOOL DISTRICT (RUSD); RIPON UNIFIED SCHOOL DISTRICT BOARD OF TRUSTEES; SAN JOAQUIN COUNTY OFFICE OF EDUCATION; VALLEY MOUNTAIN REGIONAL CENTER (VMRC); MODESTO CITY SCHOOLS; MODESTO CITY SCHOOLS BOARD OF EDUCATION; and Does 1 – 200,<br><br>　　　Defendants.<br>_____<br>AND RELATED COUNTER-CLAIM<br>_____ | 2:10-cv-00523-GEB-JFM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION FOR JOINDER OF DEFENDANTS |

　　　　Plaintiffs seek certification under Federal Rule of Civil Procedure ("Rule") 23(a) and 23(b)(3) of the following class: "All children assessed with [Autism Spectrum Disorder ("ASD")] who resided within the jurisdictional boundaries served by [Defendant Valley

Mountain Regional Center] from November 9, 2005 to present and who may have benefitted from [Applied Behavior Analysis] services." (Pls.' Mem. of P.&A. in Supp. of Mot. for Class Certification ("Class Mot.") 7:17-8:3, ECF No. 153.)[1] Plaintiffs "propose[d amending] the class definition" in their reply brief "to conform to the [following] three categories[,]" to remove any ambiguity as to the class definition:

> (1) those children assessed with ASD who did receive services under the [Early Intensive Behavioral Treatment Program] but had to accept illegal conditions and waive rights; (2) those children assessed with ASD who were denied services due to the illegal criteria; and, (3) those children assessed with ASD who were never informed of the right to receive [Early Intensive Behavioral Treatment Program] services.

(Pls.' Reply to Class Mot. 1:16-23, ECF No. 181.)

Plaintiffs also move to add Tracy Unified School District, Stockton Unified School District, Lodi Unified School District, Sylvan Union School District, Stanislaus County Office of Education, and the Stanislaus County Special Education Local Plan Area ("SELPA") as Defendants "in place of DOE Defendants 1-6." (Pls.' Mot. for Joinder of Defs. ("Joinder Mot.") 2:19-28, ECF No. 164.)

Defendants oppose both motions.[2]

## I. BACKGROUND

This action concerns the provision of intensive applied behavior analysis ("ABA") to children diagnosed with ASD within a certain geographic region of California. Plaintiffs allege that they are diagnosed with ASD and were denied access to intensive ABA services in

---

[1] Plaintiffs also seek certification two subclasses. (Class Mot. 7:20-25.)

[2] All defendants oppose Plaintiffs' motion for class certification. All defendants, with the exception of Modesto City Schools, oppose Plaintiffs' motion to join defendants.

2

violation of Section 504 of the Rehabilitation Act ("RA"), Title II of the Americans with Disabilities Act ("ADA"), and California's Unruh Civil Rights Act.

Plaintiffs allege that "[c]urrently, in 'Region 6' of California, . . . [there exists] an inter-agency, co-funded program called the "Early Intensive Behavioral Treatment" ("EIBT") program[, which] provides intensive one-to-one behavior treatment based on the UCLA/Lovaas model (a.k.a. Applied Behavior Analysis or ABA)." (Pls.' Second Am. Compl. ("SAC") ¶ 13.) Plaintiffs allege "the EIBT program is described in its entirety in a contract called the "EIBT Program, Procedures & Guidelines [(the "EIBT Guidelines")] . . . ." (Id. at ¶ 15.)

Plaintiffs allege that families "in Region 6 do not have access to intensive one-to-one behavioral treatment outside of the EIBT arrangement." (Id. at ¶ 14.) "Entrance [to], continuation [of], and exit [from intensive ABA services] is based upon the child's ability to meet the EIBT [Guidelines,] which by [their] own terms [are] not uniquely tailored to the unique needs of each student." (Id.)

Plaintiffs allege that they "requested [intensive] ABA services . . . but were denied access to intensive [ABA] treatment . . . because of the [EIBT Guidelines'] eligibility criteria, referral process, and/or the actions of agencies and individuals involved with the agreement . . . ." (Id. at ¶ 17.) The named plaintiffs "were [subsequently] able to obtain, either through settlement or through an award from the California Office of Administrative Hearings, ABA services without the necessity of proceeding through the EIBT/PPG program." (Class Mot. 6:13-17.) Plaintiffs allege that use of the EIBT Guidelines "operates as a programmatic barrier under the [ADA] and

3

Section 504 of the [RA] because it denied all Plaintiffs access to an intensive ABA program . . . ." (SAC ¶ 19.)

## II. DISCUSSION

### A. Class Certification

Plaintiffs move to certify the above-defined class, arguing certification is proper under Rule 23(a). Plaintiffs further argue that their proposed class meets the predominance and superiority elements of Rule 23(b)(3). (Class Mot. 17:23-19:20.)

Each Defendant opposes Plaintiffs' class certification motion on multiple grounds. (See ECF Nos. 171, 173, 174.) Defendants contend that Plaintiffs have not met their burden of proof on the four required elements of Rule 23(a), and Plaintiffs have not satisfied the predominance and superiority requirements of Rule 23(b).

### 1. Legal Standard

"Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of [Rule] 23(a) and at least one of the requirements of Rule 23(b)." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979-80 (9th Cir. 2011). "When considering class certification under Rule 23, district courts are not only at liberty to, but must perform a rigorous analysis . . . ." Id. at 980 (internal quotation marks omitted).

Here, "Plaintiffs have not met their burden of showing that common questions predominate, which is fatal to class certification under Rule 23(b)(3)[; therefore,] the Court does not address the threshold requirements of Rule 23(a) or the Rule 23(b)(3) requirement of superiority." Moua v. Jani-King of Minn., Inc., No. 08-4942 ADM/JSM, 2010 WL 935758, at *2 (D. Minn. Mar. 12, 2010) (citing Steering Comm. v. Exxon Mobile Corp., 461 F.3d 598, 601, 604 (5th Cir. 2006)); see also

4

Edwards v. Ford Motor Corp., No. 11-CV-1058-MMA(BLM), 2012 WL 2866424, at *2, 4-11 (S.D. Cal. June 12, 2012) (declining to address other elements relevant to class certification when predominance under Rule 23(b)(3) not met).

### 2. Predominance under Rule 23(b)(3)

Plaintiffs argue that "[u]nder the circumstances of this case, common issues predominate over individual issues." (Class Mot. 17:23.) Specifically, Plaintiffs argue:

> [T]here are numerous common issues for the putative class members vis-á-vis the EIBT/PPG scheme. The liability analysis will be identical for each class member: (a) did the EIBT/PPG deny access to ABA services to which a class member is otherwise entitled to under law; (b) does the EIBT/PPG discriminate against class members by reason of the requirements of their disability; (c) does the EIBT/PPG impose conditions upon the receipt of ABA services that violate state and federal law? The multitude of factual issues surrounding the EIBT/PPG, its implementation[,] and impacts upon class members' ability to obtain ABA services are all common to class members – not individual determinations.

(Id. at 17:24-18:4.) Plaintiffs also contend that "[a]ny individual issues . . . are overshadowed by the standardized EIBT/PPG." (Id. at 19:10-11.)

Defendants rejoin that "this is not a case where common issues of law or fact predominate over individual issues. Rather, individual determinations of legal and factual issues would need to be made in order to provide the relief sought by [P]laintiffs." (Modesto City School ("MCS")'s Opp'n to Class Mot. 1:20-23, ECF No. 173; see also VMRC's Opp'n to Class Mot. 23:3-4, ECF No. 174; Ripon USD's Opp'n to Class Mot. 23:7-13, ECF No. 171.) Defendants argue:

> [W]hile [P]laintiffs conclusorily state that the EIBT/PPG program denied each putative class member access to ABA services, in order to reach this conclusion, a very detailed factual analysis must

5

>occur. For example, each student's particular needs must be established and examined, the actions of each student's Individualized Education Program (IEP) team must be established and examined, and the various options for special education programming for each student and the application of this program analysis must be performed.

(Ripon USD's Opp'n to Class Mot. 24:8-17.) Defendants contend:

>There are many varying services, treatments, and therapies available for children with autism. Even among experts in the field of autism, there is no consensus about what is the best education treatment or intervention for young children with autism. . . . There is no blanket approach or intervention strategy that works for all students with ASD, it is an individual determination made through the IEP process.

(MCS's Opp'n to Class Mot. 3:26-4:23.) Defendants further argue that "each class member would have his own issues of, among others . . . damages to prove[,]" and "[c]lass certification . . . would prevent [Defendants] from litigating their statutory defenses to individual claims, such as failure to exhaust, compliance with the IEP process, parental consent and waiver, and more." (Ripon USD's Opp'n to Class Mot. 28:2-5; MCS's Opp'n to Class Mot. 16:26-28.)

In support of their oppositions, Defendants filed, *inter alia*, the Declarations of Tara Sisemore-Hester and Virginia Johnson. Ms. Johnson is the Associate Superintendent of Education Services for MCS and has "oversight and supervision over [MCS's] special education program and services." (Johnson Decl. ¶ 1, ECF No. 173-1.) Ms. Sisemore-Hester is the Coordinator of Autism Services for [VMRC] . . . . [and] facilitate[s] and perform[s] quality management of autism services provided by VMRC . . . ." (Sisemore-Hester Decl. ¶ 2, ECF No. 179.)

Concerning the provision of special education to children with ASD, Ms. Sisemore-Hester avers:

> 6.   Once a child under the age of three is diagnosed with autism by a diagnostic clinician, VMRC's Service Coordinator . . . organizes an Individual Family Service Plan ("IFSP") meeting in order to determine the appropriate course of intervention. The IFSP meeting is attended by VMRC's Service Coordinator, the child, his or her parents, and other parties who have information concerning the child. . . . During the IFSP meeting, the parties in attendance discuss whether further assessment is needed, and which form of intervention is appropriate. Once the parties determine which of the three forms of Applied Behavioral Analysis ("ABA") treatment would be most beneficial to the child, VMRC's Service Coordinator contacts me and asks me to coordinate the provision of the treatment. I then arrange for one of the [Non-Public Agencies ("NPAs)] which VMRC contracts with to provide intervention services to the child.
>
> 7.   One of the forms of ABA treatment which VMRC may fund for a child under the age of three is Early Intensive Behavioral Treatment ("EIBT"). As its name implies, EIBT is an intense and aggressive form of treatment which is not appropriate for all children with autism. Instead, it best serves those children who can handle the rigor of treatment. The determination of whether EIBT is appropriate for a child is based on assessments provided by any NPAs which are not treating the child as well as the diagnostic clinician who diagnosed the child. If EIBT is not determined to be an appropriate form of treatment for a child, VMRC will ensure that an NPA provides an alternative ABA treatment to the child, unless the parents decline ABA altogether.

(Id. at ¶¶ 6-7.) Ms. Johnson declares:

> 3.   Students with [ASD] who qualify for special education services from [MCS] also have their educational placement, services, and therapies determined through the IEP process."
>
> 4.   For students with ASD between the ages of three and five, the District may provide [ABA] therapies either in a District school setting or in an intensive in home setting depending on the needs of the individual child. Other therapies and services may be provided in lieu of ABA dependent on the individual needs of the individual student. There is no single therapy that is required by every student with ASD.
>
> . . . .

7

> 8. The determination of whether a student with ASD requires ABA services is an IEP team determination made through the IEP process.

(Johnson Decl. ¶¶ 3-4, 8.)

"In order to certify a class under [Rule 23(b)(3)], a court must find 'that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" Erica P. John Fund, Inc. v. Halliburton Co., 131 S. Ct. 2179, 2184 (2011).

"Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). "Where the issues of a case 'require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate.'" Casida v. Sears Holdings Corp., No. 1:11-cv-01052 AWI JLT, 2012 WL 3260423, at *7 (E.D. Cal. Aug. 8, 2012) (quoting Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1189 (9th Cir. 2001)).

Accordingly, "[c]onsider[ation of] whether 'questions of law or fact common to class members predominate' begins . . . with the elements of the underlying cause of action." Erica P. John Fund, Inc., 131 S. Ct. at 2184. "[T]he court must take into account the claims, defenses, relevant facts, and applicable substantive law to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant[s]." Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004) (internal quotation marks and internal citation omitted), *abrogated in part on other grounds* by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

8

Plaintiffs allege that "Defendants . . . discriminated against [them] by using the [EIBT Guidelines] as a barrier which has denied them access to intensive ABA services" in violation of section 504 of the RA, Title II of the ADA, and the California Unruh Civil Rights Act. (See SAC ¶¶ 81, 88, 100.) "The prima facie standard for all three statutes is essentially coterminous." Colombini v. Members of Bd. of Dirs. of Empire Coll. Sch., No. C9704500CRB, 2001 WL 1006785, at *5 n.5 (N.D. Cal. Aug. 17, 2001); see Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999) ("There is no significant difference in the analysis of the rights and obligations created by the ADA and the [RA]. Thus courts have applied the same analysis to claims brought under both statutes . . . ."); see also Kramer v. Regents of the Univ. of Cal., 81 F. Supp. 2d 972, 976-77 (N.D. Cal. 1999) ("The Unruh [Civil Rights] Act . . . [is] directly analogous to federal disability discrimination laws.")

To establish a violation of these statutes, a plaintiff must show that "(1) she is a qualified individual with a disability; (2) she was excluded from participation in . . . [a] service[], program[], or activit[y], and (3) such exclusion . . . was by reason of her disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) (stating prima facie elements of § 504 claim); see also Zukle, 166 F.3d at 1045 (stating prima facie elements of ADA and § 504 claims).

"To determine the scope of the term 'otherwise qualified . . . ,' courts consider the eligibility requirements of the [services sought]." Dempsey v. Ladd, 840 F.2d 638, 640 (9th Cir. 1988). "An otherwise qualified individual is one who is able to meet all of [the service's] requirements in spite of h[er] [disability]." Se. Cmty. Coll. v. Davis, 442 U.S. 397, 406 (1979).

Accordingly, to prevail on their claims, Plaintiffs will have to establish that they are "otherwise qualified" to receive the intensive ABA services sought. And as set forth in the Declarations of Tara Seisemore-Hester and Virginia Johnson, the appropriate therapy(ies) for children diagnosed with ASD are determined through an IEP process; there is no single therapy that is required by every student. Further, Plaintiffs are seeking damages in addition to injunctive and/or declaratory relief. Therefore, individualized inquiries would have to be conducted concerning each plaintiff's alleged damages.

For the stated reasons, Plaintiffs have not shown that the alleged common questions concerning Defendants' use of the EIBT Guidelines will predominate. Therefore, Plaintiffs' motion for class certification is DENIED.

**B.   Joinder/Substitution of Doe Defendants**

Plaintiffs also move to join Tracy Unified School District, Stockton Unified School District, Lodi Unified School District, Sylvan Union School District, Stanislaus County Office of Education and the Stanislaus County SELPA in place of Doe Defendants 1-6. (Joinder Mot. 2:19-25.) Plaintiffs argue that joinder/substitution is proper under Rule 20(a) "because each of the Proposed Defendants utilized the [EIBT Guidelines] and thus numerous common facts and legal questions exist." (Id. at 2:25-28.)

Defendants oppose the proposed joinder of Doe Defendants, arguing, *inter alia*, that "the named plaintiffs have no standing to complain against the Proposed Defendants, as they do not live within the educational jurisdiction boundaries of the Proposed Defendants, and therefore have no connection to the Proposed Defendants." (Ripon USD's Opp'n to Joinder Mot. 3:12-17 (internal citation omitted), ECF No. 172;

see also VMRC's Opp'n to Joinder Mot. 5:23-6:3, 6:24-7:2, ECF No. 180.)

In their reply brief, Plaintiffs do not contest that the named plaintiffs have no connection to the defendants sought to be joined. Rather, they indicate that the defendants sought to be added "are currently utilizing the [EIBT Guidelines] to create a barrier which has deprived **the potential class plaintiffs** from accessing intensive [ABA services]." (Pls.' Reply to Joinder Mot. 3:20-4:2 (emphasis added), ECF No. 182.)

Since Plaintiffs' motion for class certification is denied, and Plaintiffs have not shown that the named plaintiffs have any right to relief against the defendants sought to be added, Plaintiffs' joinder motion is DENIED.

Dated: March 21, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge