UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.F., a minor, by and through his parents M.A.F. and J.F. and M.A.F. and J.F. individually; L.H. and J.H., minors, by and through their parents J.A. and J.R.H and J.A. and J.R.H. individually; A.N., a minor, by and through his parents, G.N. and M.R., and G.N. and M.R. individually,<br><br>Plaintiffs, on behalf of themselves and all others similarly situated<br><br>v.<br><br>RIPON UNIFIED SCHOOL DISTRICT, (RUSD); RIPON UNIFIED SCHOOL DISTRICT BOARD OF TRUSTEES; SAN JOAQUIN COUNTY OFFICE OF EDUCATION; VALLEY MOUNTAIN REGIONAL CENTER (VMRC), MODESTO CITY SCHOOLS, MODESTO CITY SCHOOLS BOARD OF EDUCATION, RICHARD JACOBS, Executive Director of VMRC, in his official and individual capacity, TARA SISEMORE-HESTER, Coordinator for Autism Services for VMRC, in her official and individual capacity; VIRGINIA JOHNSON, Director of Modesto City Schools SELPA, in her official and individual capacity; SUE SWARTZLANDER, Program Director for Modesto City Schools, in her official and individual capacity and Does 1-200.<br><br>Defendants. | No.  2:10-CV-00523 TLN-CKD<br><br>**ORDER GRANTING PLAINTIFFS' L.H. AND J.H. MOTION TO APPROVE SETTLEMENT VIA A RULE 68 OFFER OF JUDGMENT OF MINORS' CLAIMS AGAINST MODESTO CITY SCHOOLS** |

1

This matter is before the Court pursuant to Plaintiffs L.H. and J.H.'s Motion to Approve Settlement via a Rule 68 Offer of Judgment of Minors' Claims Against Modesto City Schools. (ECF No. 213.) Under Federal Rule of Civil Procedure 17(c), the district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable. *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011). ("Inconsistency can be avoided if district courts limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard.")

The Court deems the remaining $80,002 (to be deposited into either blocked accounts or into special needs trusts for the benefit of J.H. and L.H.) to be a reasonable award. Although Defendant Valley Mountain Regional Center is concerned that the $20,000 set aside for expert witnesses may prejudice other defendants, the Court does not consider this grounds for denying Plaintiffs' motion. *See Robidoux*, 638 F.3d at 1182 (holding that the district court abused its discretion by performing an overly broad review of the proposed settlement and considering factors and state court rules outside the narrow scope of the district court's review.) The Court hereby GRANTS Plaintiffs' motion to approve the settlement and to use the settlement proceeds as stated in Plaintiffs' Motion to Approve Settlement via a Rule 68 Offer of Judgment of Minors' Claims Against Modesto City Schools. (ECF No. 213.)

IT IS SO ORDERED.

Dated: October 9, 2014

Troy L. Nunley
United States District Judge

2