UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.F., a minor, by and through his parents M.A.F. and J.F. and M.A.F. and J.F. individually; L.H., and J.H., minors, by and through their parents J.A. and J.R.H. and J.A. and J.R.H. individually; A.N., a minor, by and through his parents G.N. and M.R., and G.N. and M.R. individually,<br><br>Plaintiffs,<br><br>v.<br><br>RIPON UNIFIED SCHOOL DISTRICT (RUSD); RIPON UNIFIED SCHOOL DISTRICT BOARD OF TRUSTEES; SAN JOAQUIN COUNTY OFFICE OF EDUCATION; VALLEY MOUNTAIN REGIONAL CENTER (VMRC), MODESTO CITY SCHOOLS, MODESTO CITY SCHOOLS BOARD OF EDUCATION, RICHARD JACOBS, Executive Director of VMRC, in his official and individual capacity, TARA SISEMORE-HESTER, Coordinator for Autism Services for VMRC, in her official and individual capacity; VIRGINIA JOHNSON, Director of Modesto City Schools SELPA, in her official and individual capacity; SUE SWARTZLANDER, Program Director for Modesto City Schools, in her official and individual capacity and Does 1 – 200,<br><br>Defendants. | No. 2:10-cv-00523-TLN-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO A RULE 68 OFFER OF JUDGMENT OF MINORS' CLAIMS AGAINST MODESTO CITY SCHOOLS** |

1

VALLEY MOUNTAIN REGIONAL
CENTER, RICHARD JACOBS and TARA
SISEMORE-HESTER,

    Counterclaimants,

  v.

M.A.F. and J.A., SPECIAL NEEDS
ADVOCATES FOR UNDERSTANDING,
and AUTISM REFORM CALIFORNIA,

    Counterdefendants.

  This matter is before the Court pursuant to Plaintiffs J.H., L.H., and their parents J.A., J.R.H.'s (collectively "Plaintiffs") Motion for Attorneys' Fees (ECF No. 283.) Defendant Modesto City Schools ("MCS") opposes Plaintiffs' motion. (ECF No. 288.) The Court has carefully considered the arguments raised by both parties. For the reasons set forth below, Plaintiffs' Motion for Attorneys' Fees (ECF No. 283) is GRANTED IN PART and DENIED IN PART.

### I.  Background and Procedural History

  Plaintiffs are one of three families suing four defendant agencies for disability services. On May 28, 2014, MCS served a Rule 68 Offer of Judgment on Plaintiffs, offering to pay Plaintiffs J.H. and L.H. $50,001 each along with costs and reasonable attorneys' fees. (Notice of Rule 68 Offer Acceptance, ECF No. 239-1 at 2.) On June 4, 2014, Plaintiffs accepted Defendant MCS's Rule 68 offer. (ECF No. 239-1 at 2.) Plaintiffs and MCS, however, were unable to reach an agreement on the amount of costs and reasonable attorneys' fees payable by MCS. (Pltfs.' Motion for Fees, ECF No. 283 at 3.) Plaintiffs bring this motion for attorneys' fees against MCS, but maintain their surviving claims against the other Defendants.

### II.  Legal Standard

  In the Ninth Circuit, the starting point for determining reasonable attorneys' fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983)). In determining a

reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210–11.

"The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan,* 814 F.2d at 1263. "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990).

In calculating the lodestar, the court should consider any relevant factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976). *Jordan,* 815 F.2d at 1264 n.11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*). In *Kerr,* the Ninth Circuit adopted the 12–factor test articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The court in *Kerr* looked to the following factors for determining reasonable attorneys' fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skilled requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they

may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers,* 796 F.2d at 1212. However, there is a strong presumption that the lodestar figure represents a reasonable fee award. *Jordan,* 815 F.2d at 1262. An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not recovering any fees. *Chalmers,* 796 F.2d at 1212. A reduced fee award is appropriate where a plaintiff achieves only partial or limited success. *Hensley,* 461 U.S. at 436. To be compensable, an attorney's time must be "reasonable in relation to the success achieved." *Id.* When accounting for limited success, a court may eliminate specific hours in calculating the lodestar or simply reduce the award. *Id.*

### III. ANALYSIS

Plaintiffs argue that MCS's Rule 68 offer of judgment in the amount of $100,002 renders them prevailing parties. (ECF No. 283 at 5.) Plaintiffs submitted an initial lodestar calculation of $139,194, and agreed to a reduction of $24,360 to account for the Loughrey firm's work related to the counterclaim filed by Valley Mountain Regional Center ("VMRC"). (ECF No. 283 at 9.) Plaintiffs contend they are entitled to a positive lodestar multiplier due to the substantial success and amount achieved by the Rule 68 offer of judgment, but do not ask the Court to apply a positive lodestar multiplier. (ECF No. 283 at 9.) Thus, Plaintiffs' motion seeks $114,834 in attorneys' fees and $7,155 in additional attorneys' fees to bring this motion, for a total of $121,989. (ECF No. 283 at 10.)

MCS does not dispute Plaintiffs are entitled to reasonable attorneys' fees, and agrees to the use of the lodestar approach. (ECF No. 288 at 5.) MCS vigorously objects to the reasonable number of hours included in the lodestar. (ECF No. 288 at 5.) First, MCS argues that the lodestar should be reduced to only include hours expended advancing the claims of Plaintiffs L.H. and J.H. against MCS. (ECF No. 288 at 9.) MCS explains that equitable considerations and factors like relative culpability and time spent litigating against each defendant, support a 75% reduction of the hours.[1] (ECF No. 288 at 10–11.) Second, MCS objects to the inclusion of non-

---

[1] Because there are four Defendants in this action, 75% represents the proportional percentage of defendants other than MCS.

4

1  attorney and non-paralegal staff time in the lodestar. (ECF No. 288 at 12.) Third, MCS seeks
2  exclusion of Counsels' time spent on an unsuccessful class certification motion and defense of
3  VMRC's counterclaim. (ECF No. 288 at 14–20.) Finally, MCS requests further reduction due to
4  the "ongoing nature of the litigation" and Plaintiffs' "potential double recovery" should they
5  prevail against the remaining Defendants in this action. (ECF No. 288 at 20–21.) In sum, MCS
6  argues the correct lodestar amount is $29,350, and that a negative lodestar multiplier of 40%
7  should be applied to recognize Plaintiffs' time spent on the unsuccessful class certification and
8  VMRC counterclaim. (ECF No. 288 at 21.) MCS argues that the final reasonable attorneys' fee
9  award should be $17,610. (ECF No. 288 at 21.)

     A.     Calculation of the Lodestar Amount

          *i.*     *Reasonable Hourly Rate*

The Leigh Law Group requested the following hourly rates (ECF No. 283 at 7–8):

| | |
|---|---|
| Jay T. Jambeck, partner | $450 |
| Mandy G. Leigh, partner | $450 |
| Sarah Fairchild, associate | $350 |
| Mary Ann Kowalchek-Watt, office staff | $100 |

The Law Offices of Tamara Loughrey requested the following hourly rates (ECF No. 283 at 8):

| | |
|---|---|
| Tamara Loughrey, partner | $450 |
| Justin Arnold, associate | $350 |
| Sante Dewberry, paralegal | $90 |

     MCS does not object to the hourly rates attributed to the partners and associates. (*See generally* ECF No. 288.) MCS only objects to the inclusion of Ms. Kowalchek-Watt and Ms. Dewberry. (ECF No. 288 at 12.) Because the Court will exclude Ms. Kowalchek-Watt's hours below, the Court will not address her rate.

     Plaintiffs have provided the Court with substantial evidence establishing the reasonableness of their requested hourly rates in this district. Prevailing hourly rates in the Eastern District of California are in the $350-$550/hour range for experienced attorneys with over

5

15 years of experience in civil rights and class action litigation.  *See Bond v. Ferguson Enters.*, No. 1:09-CV-1662-OWW, 2011 WL 2648879, at *12 (E.D. Cal. June 29, 2011); *see also Franco v. Ruiz Food Products, Inc.*, No. 1:10-CV-2354-SKO, 2012 WL 5941801, at *20 (E.D. Cal. Nov. 27, 2012); *Gong-Chun v. Aetna Inc.*, No. 1:09-CV-1995-SKO, 2012 2872788, at *21 (E.D. Cal. July 12, 2012).  Plaintiffs also submitted declarations of other practitioners with federal special education litigation experience charging similar rates.  (Whiteleather Decl., ECF No. 284 at 5.)  In accordance with *Chalmers*, the Court has carefully reviewed Plaintiffs' evidence of prevailing community rates for Eastern District practitioners and finds the rates of $450 for partners and $350 for associates reasonable.  (ECF No. 283 at 6–9; Request for Judicial Notice, ECF No. 287.)  *Chalmers*, 796 F.2d at 1210.

Plaintiffs claim that Sante Dewberry's paralegal rate is $90.  (ECF No. 283 at 8.)  Although not raised in MCS's opposition, "[a]ccording to the court's own research, 'the paralegal rate favored in this district is $75 per hour.' "  *Clark v. Colvin*, No. 2:14-CV-0851-DB, 2016 WL 4179803, at *4 (E.D. Cal. Aug. 8, 2016); *Pehle v. Dufour*, No. 2:06-CV-1889-EFB, 2014 WL 546115, at *7 (E.D. Cal. Feb. 11, 2014) (quoting *Friedman v. Calif. State Employees Assoc.*, No. CIV. 2:00-101-WBS-DAD, 2010 WL 2880148, at *4 (E.D. Cal. July 21, 2010)); *see also Kalani v. Statewide Petroleum, Inc.*, No. 2:13-CV-2287-KJM-AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 25, 2014) ("courts in Sacramento have repeatedly determined in recent years that the prevailing hourly paralegal rate is $75").  Plaintiffs will be awarded compensation for paralegal time at a rate of $75 per hour.  Therefore, the rates this Court will adopt are as follows:

| Jay T. Jambeck, partner | $450 |
| Mandy G. Leigh, partner | $450 |
| Sarah Fairchild, associate | $350 |
| Tamara Loughrey, partner | $450 |
| Justin Arnold, associate | $350 |
| Sante Dewberry, paralegal | $75 |

//

          *ii.*      *Hours Reasonably Expended*

The Leigh Law Group requested the following hours (ECF No. 283 at 7–8):

| | |
|---|---|
| Jay T. Jambeck, partner | 185 hours |
| Mandy G. Leigh, partner | 8.2 hours |
| Sara Fairchild, associate | 7 hours |
| Mary Ann Kowalchek-Watt, office staff | 20.3 hours |

The Law Offices of Tamara Loughrey requested the following hours (ECF No. 283 at 8):

| | |
|---|---|
| Tamara Loughrey, partner | 9.2 hours |
| Justin Arnold, associate | 68.2 hours |
| Sante Dewberry | 219.4[2] hours |

          a.      <u>Insufficient documentation or excessive billing</u>

Reduction of hours reported is warranted where counsel has provided inadequate documentation. *Cunningham*, 879 F.2d at 484; *see also Chalmers*, 796 F.2d at 1219 ("[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended."). Although "[t]he cases do not indicate that every minute of an attorney's time must be documented; they do, however, require that there be adequate description of how the time was spent, whether it be on research or some other aspect of the litigation …" *Pac. W. Cable Co. v. City of Sacramento*, 693 F. Supp. 865, 870 (E.D. Cal 1988). Counsel should, at the very least, "identify the general subject matter" of her time expenditures. *Hensley*, 461 U.S. at 437 n.12.

Although MCS does not object to the documentation provided, the Court is required to review Plaintiffs' billing records for insufficient documentation or excessive charges. After careful review, the Court finds that Plaintiffs' records adequately reflected the work product's general subject matter and noted how the time was spent with descriptors like "attended Plaintiffs' deposition" and "responded to Ripon motion to dismiss." Accordingly, the Court finds that Plaintiffs' documentation is sufficient and the hours are not excessive.

//

---

[2]    Plaintiffs' calculated Sante Dewberry's hours at 219.6 because they failed to deduct the .2 hours not charged on page 4 of ECF No. 286-3. The correct number of hours for Ms. Dewberry is 219.4 hours.

b.     Attorney Hours Requested

*i.     Apportionment*

MCS argues that the number of hours Plaintiff claims is unreasonable because they include work done against the other Defendants in this action. (ECF No. 288 at 11.) MCS would like the lodestar to "only include the hours expended advancing the claims of Plaintiffs L.H and J.H against Defendant MCS." (ECF No. 288 at 10.) Specifically, MCS requests at least a 75% reduction of the lodestar hours. (ECF No. 288 at 11.) Plaintiffs counter that the claims against MCS are "related to and intertwined with" the claims against the other defendants. (Reply, ECF No. 289 at 5.) Plaintiffs point out that they have pursued all defendants equally due to the "overlapping and supportive nature" of the allegations. (ECF No. 289 at 7.)

Attorneys' fees are not awarded to punish defendants, but instead "encourage meritorious civil rights actions" by ensuring reasonable compensation for victorious plaintiff's attorneys. *Corder v. Gates*, 947 F.2d 374, 383 (9th Cir. 1991) (citing *Blanchard*, 489 U.S. at 96; *Hensley*, 461 U.S. at 429). "Under both federal and California law, liability among defendants for a successful plaintiff's attorney fees is generally joint and several." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010) (citing *Turner v. District of Columbia Bd. of Elections & Ethics*, 354 F.3d 890 (D.C. Cir. 2004); *California Trout, Inc. v. Super. Ct.*, 218 Cal. App. 3d 187, 212 (1990); *Corder*, 947 F.2d at 383). It has also been held proper for a court to award attorneys' fees against one defendant for time spent litigating against another. *Blackwell*, 724 F. Supp. 2d at 1075 (citing *Californians for Responsible Toxics Mgmt. v. Kizer*, 211 Cal. App. 3d 961, 976 (1989)). Apportionment is proper where a plaintiff has spent a disproportional amount of time pursuing a certain defendant or defendants. *Agster v. Maricopa Cty.*, 486 F. Supp. 2d 1005, 1022 (D. Ariz. 2007) (citing *Corder*, 947 F.2d at 383). If claims are not attributable to all defendants and are not "centered on a set of common issues," i.e., claims that are "truly fractionable," then fees should be apportioned. *Jones v. Espy*, 10 F.3d 690, 691 (9th Cir. 1993).

The Court finds that application of joint and several fee liability is proper here. Plaintiffs have not disproportionately pursued the other Defendants over MCS in this matter. The individual Defendants, VMRC, MCS, and Ripon Unified School District ("Ripon") have all filed

8

separate motions to dismiss against Plaintiffs.  (ECF Nos. 24, 36, 42, 119, 121.)  Ripon, MCS, VMRC, and the individual Defendants similarly opposed Plaintiffs' class certification motion.  (ECF Nos. 171, 173, 174, 177.)  The concurrent motions and oppositions demonstrate the overlapping nature of these claims attributable to all Defendants.  Additionally, the claims are all "centered on a set of common issues," namely unreasonable barriers to Plaintiffs' disability services collectively created by Defendants.  Thus, the claims in this action are not "truly fractionable."  The Court finds persuasive Plaintiff's argument that the liability here is hopelessly overlapping and wrought by MCS's intertwined actions which led to an indivisible injury.  *See also Rudelson v. United States*, 602 F.2d 1326, 1332 n.2 (9th Cir. 1979).

MCS does not provide convincing case law supporting their apportionment request, and only cites to an Eastern District of Pennsylvania case recognizing that "in cases with roughly equal wrongdoers in which the court does not want to impose joint and several liability for attorney's fees, the fees can be divided equally among defendants." (ECF No. 288 at 10.) *Halderman v. Pennhurst State School and Hospital*, 725 F. Supp. 861, 865 (E.D. Pa. 1989).  MCS omitted that the court in *Halderman* did not want to impose joint and several liability because it would almost certainly result in the plaintiff's double recovery.  *Id*. (Adoption of their proposed fee allocation method "virtually guarantees that they will receive at least some redundant payments[.]")  That is not the case here, for Plaintiffs have not received any prior payments from other Defendants and will not "almost certainly" result in double recovery.  Therefore, the Court concludes that joint and several liability is proper, and denies Defendant's apportionment request.

*ii.     Class action*

MCS contends that Plaintiffs' time spent on a class certification motion should not be compensated, for it "did nothing to further" Plaintiffs' claims and was ultimately unsuccessful.  (ECF No. 288 at 16.)  The motion "provided no benefit to J.H or L.H. but rather, sought to provide benefit for unnamed potential plaintiffs."  (ECF No. 288 at 16–17.)  Plaintiffs counter that the class certification motion was "merely a procedural option" available, and possessed "common elements between the issues raised in that motion and the merits of the claims against [MCS]."  (ECF No. 289 at 9.)

The Supreme Court has clearly outlined the test for relatedness in *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983) (emphasis added):

> "Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the *litigation as a whole*, making it *difficult to divide the hours* expended on a claim-by-claim basis. Such a lawsuit *cannot be viewed as a series of discrete claims*. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation…. In these circumstances the fee award *should not be reduced* simply because the *plaintiff failed to prevail on every contention raised* in the lawsuit. (citation omitted). Litigants in good faith may raise *alternative legal grounds* for a desired outcome, and the court's rejection of or failure to reach certain grounds is *not a sufficient reason for reducing* a fee. The result is what matters."

Both parties agree that the Ninth Circuit has "generously applied *Hensley*'s test of relatedness." (ECF No. 288 at 15; ECF No. 289 at 9.)  *See Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003). The Ninth Circuit has articulated a two-part test in evaluating claim relatedness: (1) whether the unsuccessful claims were related to the successful claims, and if related, the court must (2) evaluate the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995) (citations omitted).  "If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive. Such decisions are within the district court's discretion." *Id.* at 902.

Applying the first part of the *Hensley* test, the Court finds that the unsuccessful class certification motion was related to Plaintiffs' successful claims.  The class certification motion was based on common issues and facts relating to the litigation as a whole and cannot be properly viewed as separate.  The class certification motion is more properly viewed as "alternative legal grounds for a desired outcome" brought in good faith, and the Court cannot rely on its ultimate denial as grounds for attorneys' fee reduction. *Hensley*, 461 U.S. at 435.

We thus proceed to *Hensley*'s second part and focus on the "significance of the overall

10

relief obtained" by Plaintiffs in relation to the hours reasonably expended.  Plaintiffs support their contention that the $100,002 Rule 68 offer of judgment was a substantial victory and excellent result with *Doe v. Keala*, 361 F. Supp. 2d 1171 (D. Haw. Feb. 11, 2005) (ECF No. 283 at 9.)  In *Keala*, the plaintiffs received a $3,625 judgment that still garnered a $98,582.34 award in attorneys' fees.  *Id.* at 1177, 1191.  MCS claims that Plaintiffs mischaracterized *Keala*, where the court upheld a 55% reduction in hours (not the total lodestar) due to the plaintiffs' limited success.  (ECF No. 288 at 11.)

The Court acknowledges that MCS is correct, but this distinction is irrelevant for *Keala*'s usefulness here.  Plaintiffs were merely using *Keala* for illustrative purposes: the prevailing civil rights plaintiffs' obtained a $3,625 judgment against only one defendant and the court found their success limited.  *Keala*, 361 F. Supp. 2d at 1180.  Yet the *Keala* plaintiffs were still awarded $98,582.34 in fees after a 55% reduction.  *Id.* at 1191.  Here, Plaintiffs successfully obtained a $100,002 judgment from MCS, an award substantially larger than in *Keala*.  The Court finds that Plaintiffs' success here is significant and an "excellent result" deserving full compensation.  Therefore, the Court does not find a reduction is warranted based on lack of success.

### iii.    Counterclaim

It is undisputed that Plaintiffs' work on the VMRC counterclaim and related motions are to be excluded.  (ECF No. 288 at 17.)  However, the parties dispute the amount of money that should be attributed to these matters.  (ECF No. 289 at 10.)  Because the differing dollar amounts provided by Plaintiffs and MCS used the unacceptable $90/hour paralegal rate, the Court cannot rely on either party's number and conducts its own review with the adopted $75/hour paralegal rate. The Court independently reviewed Plaintiffs' billing records and identified counterclaim hours appropriate for exclusion.  (Jambeck Declaration, ECF No. 286-3 at 3–11).  The following table summarizes the counterclaim hours the Court will *exclude*:

| Date | Name | Hours |
|---|---|---|
| 6/19/2010 | Loughrey | 0.5 |
| 6/21/2010 | Arnold | 3.3 |
| 6/21/2010 | Arnold | 0.5 |

| | | |
|---|---|---|
| 6/23/2010 | Arnold | 0.5 |
| 6/25/2010 | Arnold | 0.4 |
| 6/28/2010 | Loughrey | 0.2 |
| 6/28/2010 | Dewberry | 0.1 |
| 7/13/2010 | Loughrey | 1.2 |
| 7/13/2010 | Loughrey | 1.5 |
| 7/22/2010 | Arnold | 0.4 |
| 7/27/2010 | Arnold | 0.3 |
| 7/30/2010 | Arnold | 3.5 |
| 7/31/2010 | Arnold | 4.9 |
| 8/2/2010 | Arnold | 6.3 |
| 8/2/2010 | Dewberry | 5.8 |
| 8/4/2010 | Arnold | 0.5 |
| 8/4/2010 | Dewberry | 6.8 |
| 8/4/2010 | Dewberry | 6.3 |
| 8/5/2010 | Dewberry | 6.6 |
| 8/5/2010 | Dewberry | 7.9 |
| 8/6/2010 | Dewberry | 5.6 |
| 8/10/2010 | Dewberry | 6.4 |
| 8/10/2010 | Dewberry | 1.3 |
| 8/11/2010 | Dewberry | 3.3 |
| 8/11/2010 | Dewberry | 3.2 |
| 8/12/2010 | Dewberry | 3.8 |
| 8/12/2010 | Dewberry | 5.7 |
| 8/13/2010 | Dewberry | 3.5 |
| 8/18/2010 | Dewberry | 7 |
| 8/19/2010 | Dewberry | 6.7 |

| | | |
|---|---|---|
| 8/24/2010 | Dewberry | 6.8 |
| 9/7/2010 | Arnold | 2.5 |
| 9/8/2010 | Dewberry | 0.1 |
| 9/10/2010 | Dewberry | 2.5 |
| 9/29/2010 | Dewberry | 5.7 |
| 9/30/2010 | Dewberry | 1.4 |
| 9/30/2010 | Arnold | 0.5 |
| 10/1/2010 | Dewberry | 1.6 |
| 10/1/2010 | Dewberry | 2.2 |
| 10/1/2010 | Dewberry | 2.9 |
| 10/4/2010 | Dewberry | 13.4 |
| 10/4/2010 | Arnold | 0.8 |
| 10/5/2010 | Dewberry | 14.7 |
| 10/5/2010 | Arnold | 12.4 |
| 10/13/2010 | Loughrey | 0.1 |
| 10/15/2010 | Dewberry | 1.2 |
| 10/15/2010 | Dewberry | 2.1 |
| 10/15/2010 | Dewberry | 5.7 |
| 10/18/2010 | Dewberry | 2.3 |
| 10/18/2010 | Loughrey | 1.4 |
| 11/15/2010 | Dewberry | 1.8 |
| **Total:** | **Dewberry** | **144.4** |
| **Total:** | **Arnold** | **36.8** |
| **Total:** | **Loughrey** | **4.9** |

For the foregoing reasons, this Court will not apportion the reasonable number of attorney hours spent by Plaintiffs and impose joint and several liability on MCS. Further, this Court will include time spent on the unsuccessful class certification motion and exclude counterclaim work.

13

c. Non-Attorney Hours Requested

MCS objects to the inclusion of secretarial and paralegal work hours because Plaintiffs have not established the reasonableness of including non-attorney staff fees. (ECF No. 288 at 12.) Plaintiffs contend that "the work of legal assistants is directly attributable to the litigation" and provide substantial case law demonstrating inclusion as proper. (ECF No. 289 at 8.)

The phrase "reasonable attorney's fee" cannot have been meant to compensate only work performed personally by an attorney, but rather the work product of an attorney. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). The term "attorney's fees" thus embraces the fees of paralegals as well as attorneys. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (citing *Jenkins*, 491 U.S. at 285). Attorneys and paralegals may not legitimately bill for clerical or secretarial work. *Lema v. Comfort Inn Merced*, No. 1:10-CV-01131-SMS, 2014 WL 1577042, at *6 (E.D. Cal. 2014) (citing *Jenkins*, 491 U.S. at 288 n.10). "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by nonlawyers[.]" *Id.*

MCS disputes that Ms. Dewberry is a certified paralegal. (ECF No. 288 at 12.) Indeed, Plaintiffs did not submit documentation establishing Ms. Dewberry as a certified paralegal. However, the Court takes judicial notice of Ms. Loughrey's declaration that Ms. Dewberry is her paralegal.[3] (Request for Judicial Notice, Exhibit D – Loughrey Declaration, at 4.) Additionally, Ms. Dewberry's billing describes paralegal work in nature: Westlaw legal research and review of statutes and case law, review of counterclaims, revision of memorandums, and preparations of various motions. (ECF No. 286-3.) This is work that cannot be done by a secretary and is not clerical in nature. *See Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1301 (E.D. Cal June 12, 2014) (preparing courtesy copies of documents and booking flights is administrative or secretarial in

---

[3] Plaintiffs request the Court take judicial notice of Mark E. Merin's Declaration in *Jones v. Cty. of Sacramento*, Eastern District of California case No. 2:09-cv-1025-DAD, Linda M. Dardarian's Declaration in *Moeller v. Taco Bell Corp.*, Northern District of California case No. 4:02-cv-05849-PJH, and the Declarations Bob Varma, Tamara Loughrey, and Justin Arnold in *J.A.A.H. v. Modesto City Schools*, Eastern District of California case No. 1:08-cv-01465-LJO-DLB. (Req. for Judicial Notice, ECF No. 287.) Under Federal Rule of Evidence 201 a court can take judicial notice of a document when the subject "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." For the reasons stated in Plaintiffs' request and noting no opposition by Defendant to the request, the Court GRANTS Plaintiffs' request, and takes judicial notice of the attached exhibits pursuant to Federal Rule of Evidence 201 (ECF No. 287 at 4–67.)

nature); *see also Rafanan v. Focus Receivables Mgmt., LLC*, No. 09-CV-2715-JAM, 2010 WL 2923284, at *2 (E.D. Cal. July 26, 2010) (paralegals cannot be billed for secretarial tasks like filing proofs of service, serving a complaint, preparing a civil case cover sheet). Thus, the Court is satisfied that Ms. Dewberry is a paralegal and will include her work hours as such.

The Court exercises its discretion and excludes Ms. Kowalchek-Watt's secretarial work. Nowhere is there mention that Ms. Kowalchek-Watt is a paralegal. A review of the submitted billing records reveals her work product as clerical in nature: table of documents creation, and email confirmation of client attendance at depositions. (ECF No. 286-1 at 5.) Thus, the Court will not include Ms. Kowalchek-Watt's secretarial hours.

In conclusion, the Court finds that Plaintiffs' reasonable number of lodestar hours to be:

| Person | Hours Granted (counterclaims excluded) |
|---|---|
| Jay T. Jambeck, partner | 185 hours |
| Mandy G. Leigh, partner | 8.2 hours |
| Sara Fairchild, associate | 7 hours |
| Tamara Loughrey, partner | 4.3 hours |
| Justin Arnold, associate | 31.4 hours |
| Sante Dewberry, paralegal | 75 hours |
| Total | 310.9 hours |

Accordingly, the Court adopts the following table to calculate the lodestar:

| Person | Rate | Hours | Total |
|---|---|---|---|
| Jay T. Jambeck, partner | $450 | 185 hours | $83,250 |
| Mandy G. Leigh, partner | $450 | 8.2 hours | $3,690 |
| Sarah Fairchild, associate | $350 | 7 hours | $2,450 |
| Tamara Loughrey, partner | $450 | 4.3 hours | $1,935 |
| Justin Arnold, associate | $350 | 31.4 hours | $10,990 |
| Sante Dewberry, paralegal | $75 | 75 hours | $5,625 |
| **Total** | | **310.9 hours** | **$107,940** |

Thus, after careful review of the billing records, motion briefs, and supporting evidence, the Court finds that the appropriate reasonable lodestar amount is $107,940.

### B. Adjustment of the Lodestar Amount Based on Factors Not Subsumed in the Initial Calculation

The Court has considered the equitable considerations outlined in *Kerr* in its lodestar calculations and whether further adjustment is needed.  In doing so, the Court was mindful of precedent establishing the "strong presumption that the lodestar figure represents a reasonable fee." *Jordan*, 815 F.2d at 1262.  An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not recovering any fees. *Chalmers,* 796 F.2d at 1212.  A reduced fee award is appropriate where a plaintiff achieves only partial or limited success. *Hensley,* 461 U.S. at 436.  To be compensable, an attorney's time must be "reasonable in relation to the success achieved." *Id.*

MCS raises the possibility of Plaintiffs' future or double recovery if they prevail against the remaining defendants.  (ECF No. 288 at 20.)  The Court dismisses this as speculative.  If Plaintiffs do prevail further, then the Court can consider their recovery today to prevent undeserving windfalls.

Finally, the Court considers Plaintiffs' requested $7,155 in additional motion fees.  (ECF No. 289 at 19.)  Generally, "time spent in establishing an amount of fees awardable under [42 U.S.C.] section 1988 is compensable." *Guerro v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) (Section 1988 provides for prevailing parties in civil rights actions to recover reasonable attorneys' fees.)  Defendant did not respond to Plaintiffs' request for additional attorneys' fees. However, Plaintiffs have not provided the Court with any billing or documentation showing how they calculated $7,155 in additional motion fees.  Plaintiffs similarly failed to justify why it is reasonable.  Plaintiffs noted that they initially anticipated 3.5 hours of motion work, but in fact expended 7 hours with their reply.  (ECF No. 289, at 10 n.2.)  Because Plaintiffs failed to provide documentation of this time expended or explain how they reached their dollar amount, they have not met their burden of production.  Therefore, the Court DENIES Plaintiffs' requested $7,155 in

additional motion fees.

**IV.   CONCLUSION**

The Court awards Plaintiffs the $107,940 lodestar for reasonable attorneys' fees.

IT IS SO ORDERED.

Dated: March 20, 2017

Troy L. Nunley
United States District Judge

17